RECEIVED
IN LAKE CHARLES, LA
MAR 0 9 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BRIAN BILBO | : | DOCKET NO. 06-887 |
| VS. | : | JUDGE TRIMBLE |
| TONY MANCUSO, IN HIS OFFICIAL CAPACITY AS SHERIFF OF THE PARISH OF CALCASIEU | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #43) filed by defendant, Tony Mancuso, in his official capacity as Sheriff of the Parish of Calcasieu, wherein Defendant seeks to have the claims asserted against him dismissed because there is no genuine issue of fact for trial and Plaintiff has failed to state a cause of action for which relief can be granted.

### FACTUAL STATEMENT

On or about May 27, 2005, Brian Bilbo was attacked in his cell at the Calcasieu Parish Prison. Bilbo alleges he was attacked by Jeremy Guillory, a relative of the victim of a manslaughter to which Bilbo entered a guilty plea and was convicted.[1] As a result of the attack, Bilbo allegedly suffered a broken nose, broken eye socket, loss of vision in his right eye and multiple contusions.[2]

Bilbo asserts an 8th Amendment claim, a § 1983 claim and state law negligence claims. Made defendant is Sheriff Tony Mancuso, in his official capacity and the alleged attacker Jeremy Guillory. On May 22, 2008, Guillory was voluntarily dismissed from the suit without prejudice.

---

[1] Complaint, ¶ IX.

[2] *Id.*

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9]

---

[3] Fed. R.Civ. P. 56(c).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[5] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[6] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[7] *Anderson*, 477 U.S. at 249.

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[9] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[10]

## LAW AND ANALYSIS

*Section 1983 claim and the 8th Amendment*

To state a claim under §1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or the laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law.[11]

Bilbo alleges in his original complaint that the Sheriff of Calcasieu was personally responsible for the violation of Bilbo's rights. Bilbo asserts that the Sheriff was responsible for training his deputies to maintain proper order. "A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights."[12] Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation."[13]

Defendant has submitted summary judgment evidence that Sheriff Tony Mancuso did not

---

[10] *Anderson,* 477 U.S. at 249-50.

[11] *Randolph v. Cervantes* 130 F.3d 727 (5th Cir. 1997); *Piotrowski v. City of Houston,* 51 F.3d 512 (5th Cir. 1995); *Lefall v. Dallas Indep. School District,* 28 F.3d 521, 525 (5th Cir. 1994).

[12] *Alton v. Texas A&M University,* 168 F.3d 196, 200 (5th Cir. 1999).

[13] *Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir. 1981).

3

personally monitor the transfer of inmates, nor did he have any advance knowledge that Bilbo was going to be housed with Guillory.[14] Plaintiff has submitted no summary judgment evidence to rebut this. Thus, Sheriff Mancuso could not be held liable under the doctrine of *respondeat superior*.

To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed.[15] Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of a substantial risk.[16]

A prison official's culpable state of mind is measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety.[17] Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law.[18] Prison officials have a duty under the 8th Amendment to protect inmates from violence at the hands of other inmates.[19] However, not every injury suffered by a prisoner at the hands of another inmate rises to the level of a constitutional violation.[20] The plaintiff must prove that he is incarcerated under

---

[14] Boyd affidavit attached to Defendants' Memorandum; Mancuso affidavit attached to Defendants' Memorandum; Salvador affidavit attached to Defendants' Memorandum.

[15] *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

[16] *Id.* at 842 & n.8." *Bradley v. Puckett*, 157 F.3d 1022 (5th Cir. 1998).

[17] *Id.* 114 S.Ct. at 1979.

[18] *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Farmer*, 114 S.Ct. at 1980.

[19] *Farmer*, 114 S.Ct. at 1976.

[20] *Id.* at 1977.

conditions "posing a substantial risk of serious harm" and that the prison official's state of mind is one of "deliberate indifference" to the prisoner's health or safety.[21]

There are two requirements that must be met to show that a prison official has violated the Eighth Amendment. The first is an <u>objective</u> requirement necessitating that the inmate allege a sufficiently serious deprivation.[22] "Only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment.[23] Second, the prison official must have acted with a sufficiently culpable state of mind.[24]

Thus, in order for plaintiff to recover, he must show that the guards who moved Jeremy Guillory to the same dorm as plaintiff had actual knowledge that there was an imminent risk of danger to plaintiff and then chose, deliberately, to expose him to that risk. Defendant submits the affidavit of Darren Boyd, the assistant Warden of the Calcasieu Correctional Center, who declared that there was "no indication that the deputies involved had any knowledge that Mr. Bilbo should not be housed with Mr. Guillory or that the two of them would have a problem."[25] Defendant further submits the "Inmate Classification" of Bilbo dated July 1, 2004 wherein Plaintiff stated that he had no enemies in jail that might harm him, and he did not expect to have problems in the jail.[26]

---

[21] *Id.*; see also *Horton v. Cockrell*, 70 F.3d 397 (5th Cir. 1995).

[22] *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321,(1991)(emphasis added).

[23] *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981)).

[24] *Farmer, supra.*

[25] Boyd affidavit attached to Defendants' Memorandum.

[26] Inmate Classification, questions no. 11 and 13 attached to Defendants' Memorandum.

Defendant also submits the affidavit of Jason McRight, the lead detective who investigated the battery complaint by Bilbo. In that affidavit, Mr. McRight declares that Bilbo "indicated he was aware that Guillory had been transferred to his dorm or pod in advance of the actual fight, but did not notify anyone because he had encountered Guillory while getting a hair cut previously and there did not seem to be a problem."[27] The affidavit also establishes that even after an initial encounter with Guillory and others, Bilbo still did not inform the guards of the confrontation or that he might be in danger.[28]

Bilbo submits one exhibit which states that he be taken off of protective custody and placed in general population and that he had conflicts with Jeremy Guillory, Matthew Curtis, and Chad Melbert.[29] The statement is signed, however, it is not dated, it has no heading or title, nor is there any way for the Court to determine when or where the statement came from, or if the statement was provided to the Correctional Facility. Unauthenticated documents are improper as summary judgment evidence.[30] The undated statement made by Bilbo is not proper summary judgment evidence and it will not be considered by this Court. Accordingly, the Court finds that Plaintiff has failed to create a genuine issue of material fact for trial as to whether or not Defendant acted with deliberate indifference, thus Defendant is entitled to judgment in his favor.

*State law claim*

---

[27] McRight Affidavit attached to Defendants' Memorandum.

[28] *Id.*

[29] Plaintiff's exhibit A.

[30] *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994).

In *Parker v. State*,[31] the court opined that "[a] penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm.[32]

As determined previously, it is undisputed that the Calcasieu Parish Sheriff Office deputies had not been informed that Guillory was a threat to Bilbo.[33] The one page written statement by Bilbo is not proper summary judgment evidence. Therefore, Bilbo has failed to create a genuine issue of material fact for trial.

## CONCLUSION

Based on the foregoing, the motion for summary judgment will be granted dismissing with prejudice all claims against Tony Mancuso, in his official capacity as Sheriff of the Parish of Calcasieu at Plaintiff's cost.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[31] 282 So.2d 483 (La. 1973).

[32] Citing *St. Julian v. State*, 98 So.2d 284 (La.App. 1 Cir. 1957); 60 Am.Jur.2d. Penal and Correctional Institutions, § 17, p. 821 (1972); 72 C.J.S. Prisons § 13, p. 866.

[33] See affidavits of Boyd and McRight attached to Defendants' Memorandum.